NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DAVID O. HOPKINS,                  :
                                   :
    Debtor/Appellant,         :  Civ. No. 06-683 (GEB)
                                   :
    v.                         :  **MEMORANDUM OPINION**
                                   :
JOHN M. MCDONNELL,                 :
Chapter 7 Trustee, and             :
YVONNE HOPKINS,                    :
                                   :
    Appellees.                 :
---

**BROWN, Chief Judge**

    This matter comes before the Court upon the appeal of the appellant, David O. Hopkins ("Appellant"), from the January 17, 2006 Order of the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") approving the settlement by and between the Trustee, John M. McDonnell ("Trustee"), and Yvonne Hopkins, the former spouse of Appellant. This Court, exercising jurisdiction pursuant to 28 U.S.C. § 158(a)(1), and having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, will deny Appellant's appeal and affirm the January 17, 2006 Order of the Bankruptcy Court.

**I.  BACKGROUND**

    Appellant and appellee Yvonne Hopkins ("Yvonne") were separated in 2002.  (See Exhibit 11 of Appellant's Record.)  Sometime in 2004, Yvonne filed for divorce from Appellant. (Id.)  On May 31, 2005, Appellant filed a voluntary petition in the Bankruptcy Court under

Chapter 7. (Exhibit 1 of Appellant's Record.) On or about June 2, 2005, the Trustee was appointed in the bankruptcy proceeding. On his bankruptcy schedules, Appellant listed the value of the former marital residence as $180,000; furniture as $10,000; motor vehicle as $1,000; some other miscellaneous items; and an unspecified interest in HTH Enterprises ("HTH"). (Exhibit 2 of Appellant's Record.)

It was later revealed that a sum of $114,000 from the sale of property owned by HTH was being held in trust with the state court. (See Exhibit 12 of Appellant's Record.) On August 9, 2005, the Bankruptcy Court granted Yvonne's motion for relief from the automatic stay. (See Exhibit 11 of Appellant's Record.) Thereafter, Yvonne filed an Order to Show Cause in the state court proceeding for an order directing the Trust Fund Unit of the state court to distribute to her the sum of $45,600 from the above fund. (See id.) On November 15, 2005, the state court entered a consent order, inter alia, stating that Appellant's "rights and obligations regarding equitable distribution of assets that are or may become assets of the bankruptcy estate" are subordinated to the Trustee, that the Trustee shall receive $30,000 from the funds previously escrowed by the court, and that Yvonne shall receive the monies remaining in the court account beyond the sum paid to the Trustee. (See id. at Exhibit A.) This consent judgment was made subject to the Trustee filing a Notice of Information of Settlement of Controversy in the Bankruptcy Court. (Id.)

Pursuant to the state court Order, on or about November 22, 2005, the Trustee circulated a Notice of Settlement of Controversy. (Exhibits 4-5 of Appellant's Record.) On or about December 9, 2005, and January 12, 2006, Appellant filed objections to the proposed settlement. (Exhibits 6, 9 of Appellant's Record.) On January 9, 2006, and January 17, 2006, the

2

Bankruptcy Court held hearings on the settlement. On January 17, 2006, the Bankruptcy Court, inter alia, declined to disturb the state court's finding that the Trustee has exclusive authority to assert or settle claims regarding equitable distribution. (Tr. of Hearing, Jan. 17, 2006, at 15.) Consequently, the Bankruptcy Court found that the Trustee was within his rights to make "whatever settlement regarding equitable distribution he thought appropriate." (Id.) The court also stated that Appellant's tax arguments were misplaced as they were not properly before that court and should have been made in the state court action. (Id.) The Bankruptcy Court then approved the settlement pursuant to the criteria set forth by the Third Circuit in In re Martin, 91 F.3d 389 (3d Cir. 1996). (Id. at 16.)

On January 17, 2006, the Bankruptcy Court entered an Order approving the settlement. (Exhibit 13 of Appellant's Record.) The Order stated that the Trustee would be paid, from the fund of $114,000 held in trust by the state court, $30,000 in full satisfaction of the Trustee's equitable distribution claim. (Id.) The Order further noted that the sum would include $29,000 on account of the Trustee's claim to the fund and $1,000 on account of the Trustee's claim to certain other marital assets. (Id.) Finally, the Order stated that Appellant may claim exemptions only to the $1,000 attributable to the marital assets. (Id.)

Appellant then filed the instant appeal with this Court, seeking review of the Bankruptcy Court's Order.

**II. DISCUSSION**

    A. Standard of Review

Bankruptcy Rule 8013 provides that the district court "may affirm, modify, or reverse a

bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ."  Fed. R. Bankr. P. 8013.  A factual finding is clearly erroneous only where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  In re Cellnet Data Sys., Inc., 327 F.3d 242, 244 (3d Cir. 2003)(quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).  A bankruptcy court's conclusions of law, on the other hand, are reviewed *de novo*.  Id.  Where mixed questions of law and fact are presented, the appropriate standard must be applied to each component of the appeal.  Id.

      Under Rule 9019, the Bankruptcy Court has the authority to "approve a compromise or settlement" on the bankruptcy trustee's motion.  In re Nutraquest, Inc., 434 F.3d 639, 644 (3d Cir. 2006).  When faced with a proposed settlement, the Bankruptcy Court should consider "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending to it; and (4) the paramount interest of the creditors."  In re Martin, 91 F.3d 389, 393 (3d Cir. 1996)(citation omitted).  Determinations of the Bankruptcy Court with respect to settlements are reviewed under an abuse of discretion standard.  Id.  "An abuse of discretion involves 'a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact.'"  In re Lan Assocs. XI, L.P., 237 B.R. 49, 54 (D.N.J. 1998)(citations omitted).

      B. The Bankruptcy Court's Approval of the Settlement was Not an Abuse of Discretion

      Although Appellant's primary issue on appeal is challenging the Bankruptcy Court's approval of the settlement between Yvonne and the Trustee pursuant to the enumerated criteria

from In re Martin, supra, Appellant first contests the settlement on two other grounds. First, Appellant contends that the settlement violates 11 U.S.C. § 522(d) by erasing his statutory exemptions. (Appellant's Br. at 14-19.) However, the exemptions listed in this subsection contain maximum values that are subject to the debtor's interest in that property. See In re Cohen, 263 B.R. 724, 726 (Bankr. D.N.J. 2001)(stating that "a debtor must have an ownership interest in the property before an exemption may be claimed").

As set forth above, the state court determined that Appellant's interest in equitable distribution was subordinate to the Trustee. (Exhibit 11A of Appellant's Record.) The Trustee subsequently determined that Appellant's interest in the marital assets is $1,000. (See id. at Exhibit 11.) The Bankruptcy Court explicitly declined to disturb the state court's findings with respect to claims regarding equitable distribution. (Tr. of Hearing, Jan. 17, 2006, at 15.) Consequently, pursuant to Section 522, Appellant may claim an exemption with respect to the $1,000 attributable to the marital assets, but any challenge to the equitable distribution is not properly before this Court and should have been addressed to the state court.

Similarly, Appellant raises an argument on appeal with respect to distribution of the assets of HTH and related tax obligations. (Appellant's Br. at 19-22.) At the hearing, the Bankruptcy Court noted that Appellant's tax arguments were not properly before the court and should have been addressed to the state court. (Tr. of Hearing, Jan. 17, 2006, at 15.) Accordingly, there are no findings or conclusions for the Court to review on this point.

Finally, in his third point on appeal, Appellant alleges several claims in support of his position that the balancing of the four criteria weighed against approving the settlement. (Appellant's Br. at 22-25.) However, none of Appellant's arguments demonstrate that the

Bankruptcy Court's decision constituted an abuse of discretion as defined above. As previously set forth, the Third Circuit has stated four criteria to be considered by the Bankruptcy Court when evaluating a proposed settlement. Martin, 91 F.3d at 393. In the instant matter, it is clear that the Bankruptcy Court considered the criteria during the course of the January 17, 2006 hearing.

    Although not explicitly discussing the first factor, the Bankruptcy Court stated that all four factors weighed in favor of approval of the settlement. (Tr. at 16.) The Bankruptcy Court then addressed the second factor and found that the difficulties in collection would be alleviated by allocating the bulk of the settlement to the liquid funds held by the state court. (Id.) The court then found that the third factor weighed in favor of the settlement due to the complexity attendant with determining which of the household goods and furnishings were the property of Appellant and Yvonne's adult child. (Id.) Finally, the court found that the interest of the creditors favored approving the settlement. (Id.) In support of that finding, the Trustee set forth on appeal that the settlement resulted in a prompt payment to creditors and avoided the uncertainties of litigation. (See Trustee's Br. at 22.)

    The Court finds that the Bankruptcy Court's approval of the settlement properly followed the appropriate criteria and did not constitute an abuse of discretion. Consequently, the Court will affirm the January 17, 2006 Order of the Bankruptcy Court approving the settlement between Yvonne and the Trustee.

## III. CONCLUSION

    For the reasons stated herein, Appellant's appeal is denied and the January 17, 2006 Order of the Bankruptcy Court approving the settlement is affirmed. An appropriate form of

order accompanies this Memorandum Opinion.


Dated: August 4, 2006

                                                       s/ Garrett E. Brown, Jr.
                                             GARRETT E. BROWN, JR., U.S.D.J.